**Affirmed and Opinion filed July 25, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-01005-CR

## EX PARTE LYLA ORDONEZ

**On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Cause No. 2290247**

## OPINION

In this appeal, which returns to us after a remand from the Court of Criminal Appeals, we once again consider a facial challenge to Section 42.07(a)(7) of the Texas Penal Code, which is otherwise known as the electronic harassment statute.

Upon original submission, we concluded that the electronic harassment statute was unconstitutionally overbroad in violation of the First Amendment. *See Ex parte Ordonez*, No. 14-19-01005-CR, 2021 WL 245219, at *2 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021) (mem. op.), *vacated*, No. PD-0145-21, 2022 WL 16626255 (Tex. Crim. App. Nov. 2, 2022) (per curiam). But after we issued our judgment, the

Court of Criminal Appeals decided *Ex parte Barton*, 662 S.W.3d 876 (Tex. Crim. App. 2022) and *Ex parte Sanders*, 663 S.W.3d 197 (Tex. Crim. App. 2022), and in both of those related cases, the Court of Criminal Appeals determined that earlier versions of the electronic harassment statute were not facially unconstitutional in violation of the First Amendment.

The State timely challenged our judgment with a petition for discretionary review, which the Court of Criminal Appeals granted. That court also vacated our judgment and remanded the case back to us for reconsideration in light of *Barton* and *Sanders*. Now, upon such reconsideration, we conclude that the challenged version of the electronic harassment statute is not unconstitutional on its face.

## BACKGROUND

The charging instrument in this case alleged that on a certain date and location appellant "did then and there unlawfully, with intent to harass, annoy, alarm, abuse, torment, and embarrass another, namely, [the complainant], send repeated electronic communications, to-wit: text messages in a manner reasonably likely to harass, annoy, alarm, abuse, torment, and embarrass."

After being so charged, appellant sought a pretrial writ of habeas corpus, arguing that the electronic harassment statute was unconstitutional on its face. The trial court denied habeas relief, and this appeal followed.

## ANALYSIS

Appellant challenges the electronic harassment statute on multiple grounds. For instance, she argues that the statute infringes on her constitutional right to free speech, and that the infringement fails to satisfy strict scrutiny. She also argues that the statute is both overbroad and vague.

For all of these legal challenges, the analytical starting point is to determine whether the statute implicates the First Amendment. Appellant argues that the statute must implicate the First Amendment because it plainly proscribes speech. The State counters that the statute does not implicate the First Amendment, citing *Barton* and *Sanders*. For the reasons that follow, we agree with the State.

*Barton* concerned a facial challenge to the 2001 version of the electronic harassment statute. That version provided that "a person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he . . . sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." *See* Act effective Sept. 1, 2001, 77th Leg., R.S., ch. 1222, § 1, 2001 Tex. Gen. Laws 2795, 2795. That version further defined the term "electronic communication" as meaning "a transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system," and including "a communication initiated by electronic mail, instant message, network call, or facsimile machine; and a communication made to a pager." *Id.*

The Court of Criminal Appeals determined that this version did not implicate the First Amendment because it regulated conduct that was essentially noncommunicative. *See Barton*, 662 S.W.3d at 884. Drawing on its earlier decision in *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010), which dealt with the related telephone harassment statute, the court explained that, even if a person electronically engaged in harassing conduct that included spoken words, the conduct would not be protected by the First Amendment because the person "will not have an intent to engage in the legitimate communication of ideas, opinions, or

3

information." *See Barton*, 662 S.W.3d at 881. Instead, the court continued, the person "will have only the intent to inflict emotional distress for its own sake." *Id.*

The court then made a series of holdings, all stemming from its threshold decision that the First Amendment was not implicated. First, the court held that a constitutional challenge to the statute was reviewable under the rational basis test, rather than the test for strict scrutiny. *Id.* at 884 ("Section 42.07(a)(7) does not implicate the First Amendment's freedom of speech protections. Accordingly, we use the familiar rational basis test to determine whether the statute is facially unconstitutional."). Next, the court held that an overbreadth challenge must fail because the overbreadth doctrine did not apply. *Id.* at 885 ("Since § 42.07(a)(7) does not regulate speech, and therefore does not implicate the free-speech guarantee of the First Amendment, the statute is not susceptible to an overbreadth challenge."). And finally, the court held that a vagueness challenge must be based on the challenger's own conduct, rather than the conduct of others. *Id.* ("As for whether the statute is unconstitutionally vague, because § 42.07(a)(7) does not regulate speech and therefore does not implicate the free-speech guarantee of the First Amendment, Appellant, in making his vagueness challenge to that statutory subsection, was required to show that it was unduly vague as applied to his own conduct."). The court ultimately upheld the statute against all of these challenges. *Id.*

*Sanders* considered the 2013 version of the electronic harassment statute. That version was largely the same as the 2001 version that had been considered in *Barton*, except that the pronoun "he" from that earlier version was replaced with the gender-neutral antecedent "the person." *See* Act effective Sept. 1, 2013, 83d Leg., R.S., ch. 1278, § 1, 2013 Tex. Gen. Laws 3231, 3231. The statutory definition of "electronic communication" remained unchanged.

4

Consistent with *Barton*, the Court of Criminal Appeals held in *Sanders* that the 2013 version of the electronic harassment statute did not implicate the First Amendment. *See Sanders*, 663 S.W.3d at 216 ("In sum, we hold that on its face, § 42.07(a)(7), the electronic harassment statute, proscribes non-speech conduct that does not implicate the protections of the First Amendment, although elements of speech may be employed to commit the offense."). The court explained that "the gravamen of the § 42.07(a)(7) offense is the sending of repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." *Id.* at 215. This proscribed conduct is noncommunicative, and the court emphasized that such "non-speech conduct does not suddenly become subject to First Amendment scrutiny because the actor accompanies his non-speech conduct with speech." *Id.* As examples, the court explained that a person could violate the statute "by sending several e-mails containing only the letter 'B' (arguably a 'writing')" or "by sending computer code ('signals' or 'data') that would be a readable sequence of machine language understood by a computer but entirely indecipherable and meaningless to humans." *Id.* at 216. While these communications might contain some expressive conduct, the court held that any such speech was entirely "separate" from the repeated sending of those communications, which is conduct that the statute could constitutionally proscribe. *Id.*

After the 2013 version, the electronic harassment statute was amended next in 2017, and that it is the version that appellant challenges here. And for purposes of this case, the most significant change in the 2017 amendment was to the statutory definition of "electronic communication," which was expanded to include "a communication initiated <u>through the use of</u> [~~by~~] electronic mail, instant message, network call, <u>a cellular or other type of telephone, a computer, a camera, text</u>

message, a social media platform or application, an Internet website, any other Internet-based communication tool, or facsimile machine; and a communication made to a pager." *See* Act effective Sept. 1, 2017, 85th Leg., R.S., ch. 522, § 13, 2017 Tex. Gen. Laws 1400, 1407.

This expanded definition may have broadened the types of electronic communications that can be used to complete the offense, but the gravamen of the offense itself did not change. As with the 2001 version in *Barton* and the 2013 version in *Sanders*, the gravamen is still the repeated sending of electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. That "repeated sending of electronic communications" is noncommunicative conduct, even when such conduct is accompanied by speech—just as the *Sanders* court explained with its examples involving e-mails and computer code. *See Sanders*, 663 S.W.3d at 216. Accordingly, we conclude that the 2017 version of the electronic harassment statute does not implicate the First Amendment. *See State v. Grohn*, 612 S.W.3d 78, 85 (Tex. App.—Beaumont 2020) (reaching the same conclusion), *pet. ref'd*, 664 S.W.3d 139 (Tex. Crim. App. 2022); *Ex parte McDonald*, 606 S.W.3d 856, 862 (Tex. App.—Austin 2020, pet. ref'd) (same).

Because the First Amendment is not implicated, appellant's constitutional challenge must be reviewed under the rational basis test. *See Barton*, 662 S.W.3d at 884 ("Section 42.07(a)(7) does not implicate the First Amendment's freedom of speech protections. Accordingly, we use the familiar rational basis test to determine whether the statute is facially unconstitutional."). Under that test, the statute is presumed to be valid, and we must uphold the statute if it is rationally related to a legitimate state interest. *Id.* In *Barton*, the Court of Criminal Appeals determined that the state has a legitimate interest in protecting the substantial privacy interests

of individuals from the harassment of others, and that the 2001 version of the electronic harassment statute served that interest. *Id.* at 885 ("Sending repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offender would indeed invade the substantial privacy interests of another in an essentially intolerable manner. Undoubtedly, if the idea is to protect people from having their privacy invaded in such a way, one of the best ways to do that is to punish those who violate that privacy interest and deter those who would. The means chosen by the Legislature further the interest."). The same reasoning applies here to the 2017 version of the electronic harassment.

Also, just as in *Barton*, because the First Amendment is not implicated, appellant cannot maintain an overbreadth challenge to the electronic harassment statute. *Id.* ("Since § 42.07(a)(7) does not regulate speech, and therefore does not implicate the free-speech guarantee of the First Amendment, the statute is not susceptible to an overbreadth challenge.").

As for appellant's vagueness challenge, because the First Amendment is not implicated, appellant was required to show that the 2017 version of the electronic harassment statute was unduly vague as applied to her own conduct. *Id.* ("As for whether the statute is unconstitutionally vague, because § 42.07(a)(7) does not regulate speech and therefore does not implicate the free-speech guarantee of the First Amendment, Appellant, in making his vagueness challenge to that statutory subsection, was required to show that it was unduly vague as applied to his own conduct."). But because appellant has not presented any argument regarding her own conduct, her vagueness challenge must also fail. *Id.*

In her first of two supplemental briefs, appellant suggests that the 2017 version of the electronic harassment statute is unconstitutional because it targets multiple means of electronic communications—like posts on social media—which

7

plainly involve speech. But appellant was only charged with sending multiple text messages to the complainant. No other means of electronic communications were alleged in her charging instrument. We have no jurisdiction to consider the constitutionality of uncharged provisions of a statute. *See State v. Stubbs*, 502 S.W.3d 218, 223 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) ("Because Stubbs was indicted only under subsection (a) of section 33.07, the trial court did not have jurisdiction to declare the entire statute unconstitutional.").

In her second supplemental brief, appellant argues that "repeated communications that are intended to cause and that cause serious emotional distress are still speech," citing the Supreme Court's recent decision in *Counterman v. Colorado*, No. 22-138, — S. Ct. —, 2023 WL 4187751 (2023). We disagree with appellant's reading of *Counterman*. That case examined whether the First Amendment required proof of a defendant's subjective state of mind in a prosecution involving true threats, and if so, what standard of *mens rea* was sufficient in such a prosecution. *Id.* at *3. *Counterman* did not specifically examine whether the sending of repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another was noncommunicative, as the Court of Criminal Appeals held in *Barton* and *Sanders*. Accordingly, *Counterman* does not change our analysis.

For all of the foregoing reasons, we conclude that the trial court correctly denied appellant's pretrial application for habeas relief.

## CONCLUSION

The trial court's judgment is affirmed.

8

/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Zimmerer.

Publish — Tex. R. App. P. 47.2(b).